**In re C.H. BUTCHER, Jr.**

**Misc. No. 2–82–01.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

May 4, 1982.
On Citation for Contempt June 1, 1982.

See also, D.C., 557 F.Supp. 616.

W. Thomas Dillard, Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

Ernest Taylor and Joe A. Tilson, Morristown, Tenn., and Lewis S. Howard, Knoxville, Tenn., for defendant.

## MEMORANDUM TO COUNSEL

NEESE, District Judge.

The respondent Mr. C.H. Butcher, Jr. has been ordered to appear personally before this Court on June 1, 1982 at 12:30 o'clock, p.m., and then and there show any cause he may have " * * * why he should not be held and cited for the criminal contempt of this Court for failure to obey the subpoena served upon him." It is noted that (contrary to the form of "order to show cause" herein, which was proposed by the United States attorney of this District), Mr. Butcher, Jr. has not *as yet been cited for* the criminal *contempt* of this Court; in effect, therefore, the citation of the respondent, to appear and show cause why he should not now be *cited for* a criminal contempt of this Court, *is* in the nature of a pretrial conference.

Reference to this Court's memorandum opinion and direction of March 31, 1982 in *United States of America v. Williams,* 557 F.Supp. 616, 623 thereof, should have provided counsel with an indication that this Court adopted as feasible the method of requiring the respondent to show any reason he should not *now be cited for* contempt without actually citing him therefor and exercising initially " * * * 'the criminal

contempt power, * * * ' " citing and quoting from *Brown v. United States* (1958), 356 U.S. 148, 163, 78 S.Ct. 622, 631, 2 L.Ed.2d 589 (headnotes 12, 22), rehearing denied (1958), 356 U.S. 948, 78 S.Ct. 776, 2 L.Ed.2d 822.

Accordingly, the application of the respondent for a pretrial conference herein is redundant and hereby is

DENIED.

## ON CITATION FOR CONTEMPT

The purpose of this hearing is to determine whether Mr. Butcher, Jr. should be cited for the criminal contempt of this Court for failing to obey without adequate excuse a subpoena as a witness for the prosecution in *United States of America,* plaintiff, v. *Joe Sam Williams,* defendant, no. CR–2–81–45. It is well to begin by putting the whole matter in proper perspective.

The people of this nation are its sovereigns; they have divided the powers of their sovereignty into one group of their representatives who make their laws, another group of their representatives who execute those laws, and yet another group of their representatives who enforce those laws. Thus, we people govern ourselves by law.

We have our cases and controversies: at times between individual citizens and at others between a citizen and our government, itself. The resulting issues are tried-out in our courts: the applicable law is invoked, and the relevant facts are developed with the law applied to them.

The single most important element in a judicial trial consists of the pertinent facts. The facts, for the most part, are obtained from witnesses. A slight alteration of the facts of a lawsuit can, and frequently does, change the outcome of justice under the law.

Because of the critical role of witnesses in any lawsuit, courts may compel the attendance at trials of all witnesses needed by the litigants. The legal document to bring-

about the attendance of a witness at a trial is a subpoena; this is no invitation, no request for the pleasure of the witness' company, no mere notice: it is a judicial command which our law authorizes a court to make.

The Frenchman, John Bouvier, who became by naturalization one of our citizens, compiled a legal dictionary back about when Andrew Jackson was our President; his definition of subpoena gives us the flavor of the legal term, in part, this way:

> He referred to it as a process to cause a witness to appear and give testimony, commanding the witness to lay-aside all pretenses and excuses, and appear before a court or magistrate therein named at a time therein mentioned to testify for the party therein named under a penalty therein mentioned. The purpose of a subpoena is to place the witness under the order and censure of the court.

Mr. Butcher, Jr. was placed under the order and censure of this Court and chose not to appear as commanded.

Not even the President of the United States can escape the command of a subpoena, as we all saw some 8 years ago. The Chief Justice put it well in that case involving former President Nixon, saying, in part:

> " ' "[T]he public has a right to every man's [or woman's] evidence," except for those persons protected by a constitutional, common-law, or statutory privilege' * * *.

> "[E]xceptions * * * are not lightly created nor expansively construed, for they are in derogation of the search for truth. * * * "

Except for the fortuity of a changed-plea, which might—or might not—have been allowed, Mr. Butcher, Jr. would have deprived our government—our sovereign people—of this right to his evidence in a criminal prosecution.

His disobedience of the subpoena implicated could conceivably have obstructed our people in prosecuting a criminal, or have precipitated a distorted judgment, or resulted in some other form of perversion of justice. Judicial authority may not be thwarted in such a manner, and Mr. Butcher, Jr. has subjected himself to punishment for his contempt of this Court's power and dignity. Unless that power and dignity are vindicated, the subpoena of this Court could become ignored routinely and be degraded to nothing more than a meaningless piece-of-paper.

Mr. Butcher, Jr. seems to have recognized the seriousness of disobeying a subpoena of this Court, because he consulted with counsel before doing it and talked also with another lawyer-friend, Mr. Creed Daniel, Esq., about it. He received very poor legal advice, either from his attorney's ignorance of the pertinent law and practice or from his attorney's desire to tell his client what his client wanted to hear.

■ The law on the subject is abundantly clear: Only some compelling *legal* reason and genuine apprehension that Mr. Butcher, Jr. would lose irreparably some *right* he enjoyed would have justified his attorney's advice to the witness—to disregard this Court's subpoena and not attend the trial to which he had been summoned.

Mr. Butcher, Jr.'s attorney would have this Court excuse Mr. Butcher, Jr.'s conduct, on the ground that the attorney was not "familiar with the practice in criminal matters in this Court"; this is *appalling* to this Court: it is provided by a canon of the Code of Professional Responsibility of lawyers that "[a] lawyer should represent a client competently" and by a disciplinary rule that "[a] lawyer shall not handle a legal matter in which he *knows* or should know he is not competent, without associating with him a lawyer who *is* competent to handle it." It is difficult for this Court to comprehend how this attorney could expect to exercise a reasonable degree of skill in his professional undertaking, which he is bound by law to do, if he didn't know what he was about!

This was inexcusable! No lawyer can answer correctly a legal question if he doesn't even understand the question!

■ Even if Mr. Butcher, Jr. had received good advice from the attorney of his

own choosing, he would not be excused by the law for disobeying this subpoena. Its command was that he *come* and stay until excused by this Court or the United States attorney of this District; Mr. Butcher neither came or was thus excused.

This Court has now heard the response of Mr. Butcher, Jr. to the order that he show cause why he should not be cited for contempt: he testified that he was not wilful in defying this Court's solemn mandate; that he acted in good-faith after receiving the advice of his legal counsel. The Court finds no basis to accord him less than a full measure of believability as a witness or to diminish the weight his explanatory testimony deserves.

Mr. Butcher, Jr. claims he would have flown-back in short order from his vacation in Mexico to testify if he had been notified at any time that his "testimony was desired." Had he consulted counsel who was competent to handle his matter, he would have discovered doubtless that his attendance and appearance were desired at the very commencement of trial, so that he could have been identified as a witness in the case by the prospective jurors. When all the other witnesses under subpoena had attended and appeared to be identified in accordance with the practice for many years in this Division, the assistant prosecuting attorney announced in open court that, of all his witnesses, Mr. Butcher, Jr. was the only one not in attendance.

Notwithstanding, Mr. Butcher, Jr. gives assurance in his testimony that he does not consider himself "above-the-law" or that his considerable private and personal obligations are to take precedence over his duties as a citizen of this nation; he urges upon the Court that he is a believer in the rule by law in this country, determined to discharge promptly his duties of citizenship. He contends his disobedience of this Court's command was not intended by him as disrespect for the judicial system of our people, and that, in fact, he has no feeling whatever of contempt of the authority and dignity of this Court.

Were Mr. Butcher, Jr. to be cited for his contempt of this Court and found guilty as charged, a penalty would be required which is greater than this Court could impose lawfully to impress meaningfully a person in his apparent economic status. In that situation, this Court is of the opinion, and hereby FINDS, that it can discharge its own role as a special guardian of criminal justice in this little corner-of-the-world by expressing its EXTREME DISPLEASURE with the disobedient conduct of Mr. Butcher, Jr. and requiring him to pay all costs of this proceeding.

Of course, the pittance he will pay in money, cannot reimburse the time and effort he has caused this Court to expend because of his defiance of its lawful command. But, it is important that this unusual instance of disobedience of a subpoena of this Court not go completely unnoticed by the lack of any affirmative action.

This matter will be closed without further finding, conclusion or action of the Court; but, this must not be mistaken for undue leniency toward any person who in the future might yield to the temptation to disregard any command of this Court.